IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VALLEY CAB, INC., DAVE STROMEI,
and ELLEN STROMEI,

       Plaintiffs,

v.                Civ. No. 05-797 JH/RHS

SAFE RIDE SERVICES, f/k/a SAFE RIDE
SERVICES OF NEW MEXICO, INC., an
Arizona corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

   This matter is before the Court on Defendant Safe Ride Services' Motion to Dismiss [Doc. No. 3]. After careful consideration of the law, the briefs, and the allegations of the complaint, the Court concludes that the motion to dismiss should be granted in part and denied in part as explained below, and Plaintiffs will be granted limited leave to amend their complaint.

### FACTUAL AND PROCEDURAL BACKGROUND

   Plaintiff Valley Cab, Inc. ("Valley Cab"), which is owned by Plaintiffs Dave and Ellen Stromei ("the Stromeis"), provides taxi passenger service to clients both within Valencia County, New Mexico, as well as between Valencia County and other points within the borders of the State of New Mexico. Complaint at ¶¶ 3, 6. Valley Cab provides taxi service to non-emergency medical patients who are considered "Medicaid Exempt Status Clients," i.e., those patients are not affiliated with any particular health care provider *Id*. at ¶¶ 8-11. Since 1997, the New Mexico Medicaid Program has compensated Valley Cab for providing non-emergency transportation services to Medicaid Exempt Status Clients. *Id*. at ¶ 12. The Plaintiffs allege that Defendant Safe Ride Services, Inc. ("Safe

Ride") also has been providing non-emergency transportation services to Medicaid Exempt Status Clients within Valencia County, despite the fact that the New Mexico Public Regulation Commission has not authorized it to do so. *Id.* at ¶ 13-17.

Based upon the foregoing, Plaintiffs have asserted that Safe Ride is liable for interference with existing and prospective contractual relations, as well as for violation of both state and federal anti-racketeering laws.[1] In the motion presently before the Court, Safe Ride contends that these claims should be dismissed under Rule 12(b)(6) for failure to state a claim.

## DISCUSSION

Federal pleading requirements function to give notice to the opposing party of the nature of the claim or defense. *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979). Defendants are entitled to obtain only "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957). A district court should not grant a 12(b)(6) motion unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Gibson*, 355 U.S. at 45-46. In considering a motion to dismiss for failure to state a claim, the Court does not weigh potential evidence that the parties might submit at trial, but rather accepts all well-pleaded factual allegations as true and views them in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

---

[1]Plaintiffs also asserted a claim for violation of the New Mexico Unfair Practices Act. However, on July 28, 2005, the parties filed a stipulated notice of dismissal of that claim in accordance with Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

**I.    INTERFERENCE WITH EXISTING AND PROSPECTIVE CONTRACTUAL RELATIONS**

Safe Ride moves to dismiss Count II of the Complaint, which is styled as "Interference with Contractual Relations." The threshold issue to be decided is whether Count II asserts a claim for tortious interference with existing contractual relations, tortious interference with prospective contractual relations, or both. Although the title of Count II does not specify, Paragraph 28 of the complaint states that "Defendant's above-described action have interfered with Stromeis' contractual relations (then-present and prospective), causing Stromeis to lose business which it had the authority, exclusive of the Defendant, to conduct within Valencia County ..." Safe Ride argues that "the single parenthetical reference in the Complaint to 'then prospective' contracts is not sufficient to put Safe Ride on notice under Fed. R. Civ. P. 8(a) that Plaintiffs are bringing a cause of action separate from interference with present contractual relations." Defendant's Reply at p. 8. The Court disagrees.

It is well-known that in New Mexico, a claim for tortious interference with contractual relations may apply to either existing or prospective contracts. *Compare Ettenson v. Burke*, 2001-NMCA-003 ¶ 14, 130 N.M. 67 (discussing elements of tortious interference with existing contract) *with M&M Rental Tools, Inc. v. Milchem, Inc.*, 94 N.M. 449, 453-55 (Ct. App. 1980) (setting forth the elements of claim for interference with prospective contractual relations) *and Fikes v. Furst*, 2003-NMSC-033, 134 N.M. 602 (differentiating between the required elements of the two claims). By alleging that Safe Ride interfered with "then-present and prospective" contracts, Plaintiff put Safe Ride on notice that they were attempting to assert both claims in this case.

However, whether Plaintiffs have adequately stated a claim under both theories is another question. In their Response Brief, Plaintiffs clarify the nature of the contracts with which they

3

contend Safe Ride interfered. Response at pp. 5-6. According to Plaintiffs, those contracts were for taxi services between Valencia County and some other destination, and each contract was one in which "the motor carrier provides service and is paid for the same." *Id*. In other words, the contracts at issue are prospective contracts between Valley Cab and potential clients traveling to, from, or within Valencia County.

Safe Ride argues, and the Court agrees, that the Plaintiffs have failed to state a claim for existing contractual relations because they have failed to allege the existence of a contract with which Safe Ride interfered, and because they have failed to allege that Safe Ride had knowledge of such a contract as required by *Ettenson v. Burke*, 2001-NMCA-003 at ¶ 14. Plaintiffs have not alleged the existence of a contract with any client for transportation services—whether it be in the form of a formal written contract, or merely a phone call by the client to Valley Cab requesting transportation—nor have they alleged Safe Ride's knowing interference with such an existing contract. Indeed, Plaintiffs cannot make such an allegation because it is clear from both the complaint and their response brief that the "hundreds, if not thousands" (Response Brief at ¶ 6) of contracts with which they contend Safe Ride interfered were individual fares which Valley Cab would have gotten had Safe Ride not presented itself in competition with Valley Cab. Under the terms of the complaint and the contours of the claim as outlined by Plaintiffs in their response brief, each of these was a prospective, not an existing, contract for Valley Cab. It does not appear that Plaintiffs would be able to prove any set of facts to support a claim for tortious interference with *existing* contractual relations. Therefore, that claim will be dismissed.

However, it appears that Plaintiffs have adequately alleged a claim for interference with prospective contractual relations, which the New Mexico Court of appeals has described as follows:

> One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of
> (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation, or
> (b) preventing the other from acquiring or continuing the prospective relation.

*M&M Rental Tools*, 94 N.M. at 453. Further, the Plaintiffs must allege and prove that the Safe Ride's *sole* motive was to harm them. *Fikes v. Furst*, 2003-NMSC-033, 134 N.M. at 609. Here, Plaintiffs have alleged (though somewhat inartfully) that Safe Ride has interfered with prospective agreements for transportation services between Valley Cab and its potential clients, and that Safe Ride did so "maliciously, wilfully, ...fraudulently, or in bad faith." Complaint at ¶ 22. This is sufficient for Plaintiffs' claim for tortious interference with prospective contractual relations to survive the motion to dismiss.

## II.  VIOLATION OF STATE AND FEDERAL ANTI-RACKETEERING LAWS

In Count III of the Complaint, Plaintiffs contend that Safe Ride is liable for violations of both the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and the New Mexico Racketeering Act ("NMRA"), NMSA 1978, § 30-42-1 et seq. Plaintiffs further allege that Safe Ride submitted to the New Mexico Medicaid program requests for payment for services that Safe Ride had no right to provide, and that Safe Ride misrepresented to patients that it was an authorized provider of transportation services in Valencia County. Complaint at ¶¶ 40-41. According to the allegations in the complaint, Safe Ride requested payments from the New Mexico Medicaid Program by mail or by wire, and that these acts constituted mail fraud and wire fraud, forming a pattern of racketeering activity. *Id.* at ¶¶ 45-48. Finally, Plaintiffs allege that "the

5

activities of the Defendant and its enterprise(s) affected interstate commerce." *Id.* at ¶ 50.

Rule 9(b)'s heightened pleading standards apply to claims brought under RICO. *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 989 (10th Cir. 1992) ("Under Rule 9(b), plaintiffs must sufficiently allege each element of a RICO violation and its predicate acts of racketeering with particularity, a requirement justified by the 'threat of treble damages and injury to reputation.'") (quoting *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1362 (10th Cir. 1989)). Furthermore, because the NMRA is based upon RICO, federal cases interpreting that statute are instructive to courts in interpreting the state statute. *See State v. Johnson*, 105 N.M. 63, 68, 728 P.2d 473, 479 (Ct. App.1986). Accordingly, this Court concludes that heightened pleading standards apply to the NMRA as well.

Safe Ride urges the Court to dismiss Plaintiffs' racketeering claims on the grounds that they have not pled their claim with the required specificity, and that they have failed to allege the existence of a criminal enterprise separate and apart from defendant Safe Ride.

The Court concurs with Safe Ride. Section 1962(c) of RICO provides:

> It shall be unlawful for any *person* employed by or associated with any *enterprise* engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity ...

18 U.S.C. § 1962(c) (emphasis added). Similarly, the NMRA provides, in relevant part, that "[i]t is unlawful for any *person* employed by or associated with any *enterprise* to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs by engaging in a pattern of racketeering activity." NMSA 1978, § 30-42-4(C) (1980) (emphasis added). Thus, by their express terms, both statutes envision that "persons" will be held liable for their participation in criminal "enterprises,"

6

which themselves are not defendant "persons."  As the United States Court of Appeals for the Tenth Circuit observed in *Brannon v. Boatmen's First Nat'l Bank of Okla.*, 153 F.3d 1144, 1146 (10th Cir. 1998), "It is well-settled in this circuit, as in most others, that for purposes of 18 U.S.C. § 1962(c), the defendant 'person' must be an entity distinct from the alleged 'enterprise.'" (citing *Board of County Comm'rs of San Juan County v. Liberty Group*, 965 F.2d 879, 885 & n. 4 (10th Cir. 1992)). "This interpretation flows from the statute's mandate that the person who engages in the pattern of racketeering activity be "employed by or associated with" the enterprise." *Id*.  The NMRA draws a similar distinction between a person who may be held liable under the statute and the  illegal "enterprise" in which he participates.  *See* NMSA 1978, § § 30-42-3(B) and (C); § 30-42-4 (1980).

Plaintiffs do not dispute any part of this argument.  Instead, they argue that "there are individuals within the Safe Ride Services, Inc. corporate structure who, within the framework of that structure, are using it to conduct a pattern of racketeering.... Plaintiffs respectfully request permission to amend their Complaint to include those certain Jane and John Does involved in the racketeering activity within *the corporate enterprise of Safe Ride Services, Inc.*"  Response Brief at  p. 8.  In essence, Plaintiffs have taken the position that Safe Ride is the "enterprise," and that there are persons within the corporate structure who are involved in the alleged racketeering activities.  Plaintiffs ask for the opportunity to amend their complaint to add these persons as defendants.

The Court concludes that Plaintiffs' RICO and NMRA claims against Safe Ride should be dismissed with prejudice.  Plaintiffs have stipulated that Safe Ride is the enterprise, and therefore under the rule announced in *Brannon*, Safe Ride is not a proper defendant in this case.  However, the Court will allow Plaintiffs the opportunity to amend their complaint to add RICO and NMRA claims against the "persons" who are the proper defendants under the two statutes, *provided* that Plaintiffs

7

are able to meet the heightened pleading requirements of Rule 9(b)—mere notice pleading will not suffice—and *provided* that Plaintiffs are able to plead those allegations while complying with the constraints of Rule 11(b).

**IT IS THEREFORE ORDERED** that Defendant Safe Ride Services' Motion to Dismiss [Doc. No. 3] is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiffs' claim for tortious interference with existing contractual relations is **DISMISSED WITH PREJUDICE**.  Plaintiffs' claims against Safe Ride for violation of state and federal anti-racketeering statutes are **DISMISSED WITH PREJUDICE**.

Plaintiffs are granted leave to amend their complaint to add claims against "persons" under RICO and NMRA, provided that Plaintiffs comply with Rules 9(b) and 11, and provided that they file their amended complaint no later than March 1, 2006.

_____
**UNITED STATES DISTRICT JUDGE**